## GROVENSTEIN, executor, *vs.* BREWER.

Where suit was brought on an instrument under seal, which bound the defendant in a certain manner and at certain times to pay the plaintiff for certain timber, and pending the cause the plaintiff died and his executor was made a party; and where, on the trial, the instrument sued on was tendered in evidence, together with an

account of the timber cut and the amount due therefor, and a receipt written thereon for "payment in full up to date, including a note given on twenty days' time," signed by the decedent, and also a note for the amount shown to be due by account; and where it was shown that the account and receipt, except the signature, were in the handwriting of the defendant, and that the note bore his signature:

*Held,* that the note was admissible in evidence to show that the amount for which it was given had not been paid.

March 30, 1886.

Evidence. Contracts. Promissory Notes. Before Judge ADAMS. Effingham Superior Court. November Term, 1885.

Reported in the decision.

J. G. & D. H. CLARK, for plaintiff in error.

LESTER & RAVENEL, for defendant.

HALL, Justice.

The rejection of the note given by the defendant to the plaintiff, as was contended, in full payment and settlement of the demand sued on, when offered in evidence, is the principal error complained of.

The suit was upon an instrument under seal, which bound the defendant, in a certain manner and at stated times, to pay the plaintiff for timber which had been cut and used by the defendant from lands belonging to plaintiff, and which, by the contract set forth in the writing obligatory, the defendant had the right to use upon the terms therein mentioned. Pending the cause the plaintiff died, and his executor was made a party in his stead. The bond on which the suit was brought, with account of the timber cut and the amount due therefor, which had a receipt written thereon in these words: "Received payment in full up to date, including a note given on twenty days' time," and signed by plaintiff's testator, S. Grovenstein, together with a note in these words:

" $467.99.

Twenty days after date, I promise to pay Shadrach Grovenstein, or bearer, the sum of four hundred and sixty-seven dollars and ninety-nine cents for value received. August 29th, 1866.

(Signed) J. J. BREWER,"

were offered in evidence at the same time, after first showing that the account and receipt, except the signature to the latter, [were in the hand-writing of the defendant], and proving that the note bore the signature of the defendant, and that these papers came from the custody of plaintiff's testator. The bond, together with the account and receipt, were admitted in evidence, but the note, on objection made, was rejected. The amount shown to be due by the account rendered, the last item of credit on which bore date 19th of August, 1866, was the precise amount of this note, which was tendered in evidence to show that it had not been paid, and that the amount for which it was given was still due on the bond. It seems to have been a part of the entire transaction out of which the receipt grew, and it was necessary to a full understanding of the facts that it should have gone to the jury with the account and receipt, with which it might have been connected by a natural and legitimate inference from the other circumstances in proof. It explained the receipt, and served to rebut any presumption that might have arisen from the fact that it was accepted in payment of the plaintiff's claim. These are not open questions here; they were decided by this court in a case similar in its facts and identical in principle. *Hall Self-Feeding Cotton Gin Co. vs. Black et al.*, 71 *Ga.*, 450. The evidence was pertinent and should have been admitted. A verdict rendered in its absence was unjust to the plaintiff and should have been set aside and a new trial awarded.

Judgment reversed.